OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law,* Freedom of speech and press. *General Court.*

Enactment of proposed legislation requiring all "representatives or
employees of the news media regularly or ordinarily assigned to
news coverage of the activities of the members and of the sessions
of the general court" to file with the State Secretary annual state-
ments of financial interests, to be open to public inspection, would
violate the First Amendment to the United States Constitution
and art. 77 of the Amendments to the Massachusetts Consti-
tution. [819-821]

On July 6, 1979, the Justices submitted the following
answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The Justices of the Supreme Judicial Court respectful-
ly submit their answer to the question set forth in an
order adopted by the Senate on May 21, 1979, and trans-
mitted to the Justices on May 29, 1979. The order recites
that there is presently pending before the Senate a bill
entitled, "An Act requiring annual statements of finan-
cial interest by elected state officials and others" (Senate
No. 1308). The proposed act, a copy of which was trans-
mitted to us with the order, would require certain State,
county and municipal public officials and employees,
legislative agents or counsel, and all representatives or
employees of the news media regularly assigned to news
coverage of the General Court to disclose certain finan-
cial interests publicly each year. Expressing grave doubts
as to the constitutionality of the proposed act, the Senate
has requested the opinion of the Justices on the follow-
ing question:

"Would the enactment of Senate No. 1308, which in

part contains a provision requiring reporting of financial information by certain employees and representatives of the news media violate the First Amendment to the Constitution of the United States and Article XVI of Part the First of the Constitution of Massachusetts, as amended by Article LXXVII of the Amendments to said Constitution of Massachusetts?"

Upon our invitation for briefs from interested persons, the Massachusetts Newspaper Publishers Association and Common Cause have submitted briefs arguing that the question should be answered in the affirmative.

We summarize material provisions of the proposed act, which would amend G. L. c. 268A by inserting § 25.[1] The act requires certain public officials and employees, legislative agents or counsel, and representatives or employees of the news media to file annual statements of financial interests with the State Secretary.[2] The statements would be open to public inspection. The declarant must disclose by source certain earned and unearned income, equity holdings, reimbursements and debts, which fall within defined categories of value.[3] The declarant

---

[1] We assume the proposed act would be codified as G. L. c. 268A, § 26, having been shown nothing to indicate an intention to repeal or delete the present G. L. c. 268A, § 25, inserted by St. 1972, c. 257.

[2] Those required to file are the "governor, lieutenant governor, state treasurer, attorney general, state auditor and state secretary, all members of the executive council, all state, county or municipal employees, who are receiving a salary in excess of twenty-five thousand dollars, all legislative agents or counsel and all representatives or employees of the news media regularly or ordinarily assigned to news coverage of the activities of the members and of the sessions of the general court."

[3] The provisions summarized in the text are as follows:
"For the purposes of such statements, categories of value shall be: more than one thousand dollars but less than ten thousand dollars; ten thousand dollars or greater, but less than twenty-five thousand dollars; twenty-five thousand dollars or greater, but less than one hundred thousand dollars; one hundred thousand dollars or greater. The state secretary shall prescribe a standard form for such statements which shall contain the following information for the preceding calendar year to the best of the reporting person's knowledge:

must also respond as to his spouse and dependent children if enhancement of their financial interests would "substantially benefit" the declarant. It appears that the filing requirements would be enforced by the State Ethics Commission, which under G. L. c. 268B, § 4 (d), may issue

"(1) The names and address of all businesses with which he is associated, the nature of the association, and the category of value, if determinable, for:

"(a) all interests in proprietorships, partnerships, or professional service corporations;

"(b) all directorships, trusteeships and other comparable policy making positions;

"(c) all businesses, organizations, or agencies from which he is taking a leave of absence;

"(d) all agreements with a prior employer providing for deferral of payments or benefits except pensions.

"(2) The source and category of value of all earned income from a single source in excess of one thousand dollars, including a description of the services rendered;

"(3) The source and category of value of all unearned income, including capital gains but excluding proceeds from an insurance policy on a spouse, parent or child, from a single source in excess of one hundred dollars if the source does business with the commonwealth during the preceding five years, or is regulated by the commonwealth;

"(4) The identity and category of value of all securities, investments, real property except for personal residences, and holdings for resale, in excess of one thousand dollars except for bank account balances, if the property is located in the commonwealth or if the interest in which the reporting person has an investment, security, or other holding does business with the commonwealth, has done business with the commonwealth during the preceding five years, or is regulated by the commonwealth;

"(5) The source and amount of any reimbursements for expenses from a single source aggregating more than one hundred dollars in a year from any person, organization, or enterprise having a direct interest in legislation or matters before an agency, authority, board, or commission of the commonwealth, with the exception of reimbursements from one's immediate family;

"(6) The name, address, and type of security given each creditor to whom the value of five thousand dollars or more was owed and is still outstanding, providing that mortgages for personal residences, debts arising out of consumer credit transactions, education loans, or medical and dental expenses, and debts, the term of which does not exceed ninety days, unless such a debt has been renewed, are exempt from the provisions of this paragraph."

cease and desist orders or order payment of civil penalties up to $1,000 for violations of G. L. c. 268A or G. L. c. 268B.

We understand the question posed by the Senate to be limited to application of the proposed act to "representatives or employees of the news media regularly or ordinarily assigned to news coverage of the activities of the members and of the sessions of the general court." Our answer is so limited, and we express no opinion on the act as it relates to public officials, public employees and legislative agents or counsel. We recently answered a similar question with respect to financial disclosures by public officials and employees. *Opinion of the Justices*, 375 Mass. 795 (1978). See G. L. c. 268B, inserted by St. 1978, c. 210, § 20. We note that the disclosures required of public officials and employees and legislative agents by the proposed act are substantially similar to those already required by G. L. c. 268B, § 5 (public officials and employees) and by G. L. c. 3, §§ 39-50 (legislative agents and their employers). See also *United States* v. *Harriss*, 347 U.S. 612, 625-626 (1954) (construing Federal Regulation of Lobbying Act).

The only new ground covered by the act is provision for financial disclosure by members of the press. It is plain that neither the First Amendment to the United States Constitution nor art. 16, as amended by art. 77, of the Massachusetts Declaration of Rights confers any special immunity on the press from the application of general laws which relate to its business aspects. *Opinion of the Justices*, 363 Mass. 909, 913 (1973), and cases cited. But this act is not a general law. It imposes a special burden on those members of the press who report on members and sessions of the General Court. The act does not deny access to the sessions of the General Court to those who do not comply with disclosure requirements. But it exposes the press to civil penalties for noncompliance and may tend to discourage some from covering State House activities or cause others to limit their associational ties to avoid disclosure. See *Lewis* v. *Baxley*, 368 F. Supp. 768,

773 (M.D. Ala. 1973) (statute requiring disclosure of economic interests for access to press galleries of State Legislature held unconstitutional).

We have not received any briefs in support of this legislation. We suppose that the act was intended, among other things, to allow the public to evaluate biased or interested news coverage, and perhaps to protect the General Court from hidden lobbying by members of the press. See *id.* at 779. Neither goal can save the act. Impartial coverage of State House activities cannot be compelled by statute. "A responsible press is an undoubtedly desirable goal, but press responsibility is not mandated by the Constitution and like many other virtues it cannot be legislated." *Miami Herald Publishing Co.* v. *Tornillo*, 418 U.S. 241, 256 (1974). To the extent that members of the press engage in genuine lobbying efforts, they may be regulated, like all other lobbyists, under applicable provisions of our lobbying laws, but not by blanket legislation directed at all State House reporters. We have grave doubts that any asserted governmental interest would support a law such as this, that places a special burden on the press not imposed on the general public. See *Grosjean* v. *American Press Co.*, 297 U.S. 233, 250 (1936) (license tax applicable to newspapers with circulation over 20,000); *Opinion of the Justices*, 363 Mass. 909, 912-918 (1973) (requirement that newspapers accept paid political advertisements); *Commonwealth* v. *Dennis*, 368 Mass. 92, 96 (1975) ("any statute which requires the author of a publication to reveal his identity"); *Commonwealth* v. *Boston Transcript Co.*, 249 Mass. 477, 484 (1924) (requirement that newspa-

pers publish notice of findings of State board). Accordingly we answer the question of the Senate, "Yes."

The foregoing answer and opinion are submitted by the Chief Justice and the Associate Justices, subscribing hereto on the sixth day of July, 1979.

> EDWARD F. HENNESSEY
> FRANCIS J. QUIRICO
> ROBERT BRAUCHER
> BENJAMIN KAPLAN
> HERBERT P. WILKINS
> PAUL J. LIACOS
> RUTH I. ABRAMS